73300 -12

# IN THE
# COURT OF CRIMINAL APPEALS
# AUSTIN TEXAS

---

RE: Art. 11.073 Writ of Habeas Corpus
Tr. Ct. No. 1072414-H
WR-73,300-11

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 08 2015
Abel Acosta, Clerk

---

Micheal Wayne Barnes, Relator

vs.

Harris County Assistant District Attorney
Andrew J. Smith

---

# ORIGINAL PETITION FOR WRIT OF MANDAMUS

Micheal W. Barnes
T.D.C.J.-I.D.# 1438082
O.B. Ellis One Unit
1697 FM 980
Huntsville TX 77343

( PRO - SE )

i

# PARTIES

RELATOR:

Micheal Wayne Barnes
T.D.C.J.-I.D. # 1438082
O.B. Ellis One Unit
1697 FM 980
Huntsville TX 77343

RESPONDENT:

Harris County District Attorney
Devon Anderson et, al.
Criminal Justice Center
1201 Franklin St., Ste 600
Houston Tx 77002-1930

RE: Andrew J. Smith

# TABLE OF CONTENTS

PARTIES . . . .
TABLE OF CONTENTS . . .
TABLE OF AUTHORITIES . . .
STATEMENT OF THE CASE . .
STATEMENT OF JURISDICTION . . .
ISSUE (ES) PRESENTED .
STATEMENT OF FACTS . .
ARGUMENT AND AUTHORITIES . . . .
PRAYER FOR RELIEF . . .
CERTIFICATE OF SERVICE . . .
APPENDIX . . . .

# TABLE OF AUTHORITIES

U.S.C.A. Const. Amend. 14th
Tex. Code Crim. Proc. Art. 11.073
Tex. Code Crim. Proc. Art. 11.073(4)
Tex. Const. Art. 1 §§ 3, 3a, 19, and 12

# TABLE OF CASES

Brady v. Maryland, 83 sct 1194 (1963)
Nix v. State, 65 S.W. 3d 655 at 667 (Tex. Crim. App. 2001)
Ex Parte Seidel, 39 SW 3d 221 at 226-27 (Tex. Crim. App. 2001)
Lewelling v. Bosworth, 840 SW2d 640-43 (Tex. Crim. App. 1992)
Martin v. Hamlin, 25 sw3d 718-20 (Tex. Crim. App. 2000)

## STATEMENT OF THE CASE

The relator has diligently "attempted" to appeal his "Void Conviction" only to have [ all ] of his writs of habeas corpus' dismissed or denied as subsequent by the Respondents.

In the instant case the respondent Andrew J Smith (Mr. Smith) requests that the relator's Tex. Code Crim: Proc. Art 11.073 Writ of habeas corpus aka Junk Science Writ be dismissed as frivolous for failure to comply with the statutory provisions set forth in Art. 11.073§(4)(a)(1) or (2).

This is the relators third attempt at filing the Art 11.073 Writ of habeas corpus and [all of them] have been dismissed or denied because there is no application specifically made for the Art. 11.073 writ and the respondents are taking advantage of that and are purposely failing to recognize the writ.

The Relator has never been reviewed on the merits of his claim due to a state created impediment.

## ISSUE(S) PRESENTED

ISSUE ONE:

The States Original Answer prepared by the respondent Mr. Smith is past the 15 days allowed by statue for the state to respond.

## STATEMENT OF FACTS

The relator's Art. 11.073 Writ of habeas corpus was filed on 5-29-15.

The States Original Answer is dated 6-18-15, thats twentyone days, six days past whats authorized by statue.

## ARGUMENT AND AUTHORITIES

According to the Tex. Codes of Crim. Proc. Art. 11.07 § 3 (b) the representative of the state only has 15 days in which to respond to the relators Art. 11.073 Writ of habeas corpus.

The statute does not state that the weekends are to be excluded from the 15 day count down and the respondent has no authority to alter the clear and understandable language of the statute for his benifit. Martin v. Hamlin, 25 S.W.3d 718-20 (Tex. Crim.- App. 2000).

Mr. Smiths' States Original Answer is void for failure to comply with statute."

ISSUE TWO:
The Art. 11.073 Writ of habeas Corpus in conjunction with the relators Void Conviction due to fundemental error supersedes subsequent ruling.

## STATEMENT OF FACTS

The 83rd Legislative implimented Senate Bill 1411 which amended the Tex. Codes of Crim. Proc. Art. 11.07 by adding Art. 11.073 aka Junk Science Writ which took effect on September 1st 2013 allowing an appellant to challenge the scientific evidence used to convict him/her.

## ARGUMENT AND AUTHORITIES

The Art. 11.073 Writ of Habeas Corpus supersedes Art. - 11.07§(4)(1) and (2) because the leagel remedy was not available until September 1 2013 which actually applies to Art. 11.07§(4)(1).

"Furthermore the relator's conviction is void due to a fundemental error". In the instant case the affiant to the Felony Complaint (ie., initial charging instrument) made false material statements under Oath in

reference to the scientific examination of two (2) latent prints ("that don't exist") that allegedly identified the relator as the perpetrator of the alleged offense. Brady v. Maryland, 83 SCt 1194 (1963)

The Felony Complaint does not satisfy constitutional requisites of a charging instrument due to the affiant making false material statements thus the trial court has no jurisdiction over the relator. Nix. v. State, 65 S.W.3d 665 at 669 headnotes 1-3 (Tex. Crim. App.- 2001) U.S.C.A. Amend. 14, 4.

Futhermore there is no, absolutely no evidence to substantiate the statements made in the Felony Complaint or testimony at trial which is called a No Evidence Void Judgement. Ex Parte Seidel, 39 S.W.3d 221 at 226-27 (Tex. Crim. App. 2001).

A fundemental error as well as a Void Conviction can be attacked at any time and cannot be waived... and failure to correct it would infringe on the relator's due process rights and damage the integrity of the judicial process. U.S.C.A. Const. Amend. 14.

The respondent Mr. A. Smith is intentionally suspending the writ in violation of the U.S.C.A. 14 in conjunction with the Tex. Const. Art 18 §§ 3, 3a, 12 and 19 because the relator's memorandum has Art 11.073 on the cover which is proof that he knows its not an Art. 11.07,

ISSUE THREE:

The Respondents have created an impediment that has continuosly deprived the relator of his clearly established constitutional right to the writ of habeas corpus.

## STATEMENT OF FACTS

The Fourteenth Court of Appeals affirmed the trial courts decision on July 3. 2008, and the mandate was issued on January 9 2009.

The Relator's first Art. 11.07 writ of habeas corpus was filed on December 27 2009.

The Respondents and this Honorable Court both agreed that no mandate had been issued and the relator's direct appeal was pending review.

The direct appeal became final when the mandate issued on January 9 2009. Lewelling v. Bosworth, 840 - S.W.2d 640-43 (Tex. App. 1992).

The Fourteenth Court of Appeals to-date has never mailed the relator a copy of the mandate.

The Relator's second Art 11.07 was accepted by the Respondents and the issue of whether or not I was afford the effective assistance of counsel was designated.

5 of 8

After the issue was designated the Respondents waited one hundred and elleven days to issue a states original answer stating that my direct appeal was still pending review and that no mandate had been issued.

This Honorable Court denied the writ without written order and my § 2254 was denied as time barred all because of the State created impediment by the Respondents.

## ARGUMENT AND AUTHORITIES

The Respondents have deprived the Relator of an effective appellate process by suspending the writ of habeas corpus in violation of the U.S.C.A. Const. Amend. 14 in conjunction with the Tex. Const. Art. 1 § 12.

The Respondents actions were diliberate because even though the has continusly raised the ground that his conviction is void due to fundemental error (lack of Personal or Subject-Matter Jurisdiction) the respondents continue to suspend the writ.

This Honorable Court is the only Court that has the authority to overturn my void conviction.

Furthermore the Relator's writs have never been reviewed for the merits even though they were not untimely.

# PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, the Relator respectfully request and prays for the following:

1.) In reference to Issue One the Relator request that this Honorable Court remand the relators Art. 11.073 Writ of Habeas Corpus back to the 183rd District Court in accordance with statute so they can designate issues or forward the entire writ, memorandum and any other relevant documents to this court for review.

2.) In reference to Issue Two the Relator request that this Honorable Court remand the Art. 11.073 Writ of Habeas Corpus back to the Respondents and compel them to produce the following documents to prove that the statements made under Oath by Diane Hill in the Felony Complaint are not false: 1.) Photograph of the broken bedroom window with the two (2) latent prints on the inside portin thereof, (2) The fingerprint card with the two latent prints on it, (3) the lab results of the A.F.I.S. Examination of the two (2) latent prints, and (4) the arrest warrant.

3.) In Reference to Issue Three the Relator request that this Honorable Court grant him an out of time appeal due to the State created impediment and/or accept his Art. 11.073 Writ of Habeas Corpus and order an Evidentiary Hearing, simply the Relator request to be reviewed

Executed on this 30th day of June —————— 2015.

Respectfully submitted,

_Micheal Wayne Barnes_
Micheal Wayne Barnes

## CONCLUSION

I have read the foregoing Writ of Mandamus and hereby verify that the matters alleged are true and correct

Respectfully submitted,

_Micheal Wayne Barnes_
Micheal Wayne Barnes

## CERTIFICATE OF SERVICE

I, Micheal W. Barnes hereby certify that a true and correct copy of this Mandamus was mailed to the respondents via United States Mail.

Sincerely _Micheal Wayne Barnes_

CC: File

Harris County District Attorneys Office.

Micheal Wayne Barnes
T.D.C.J.-I.D.# 1438082
O.B. Ellis One Unit
1697 FM 980
Huntsville Tx 77343

8 of 8